UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHIRLPOOL CORP.,

          Plaintiff,

v.

THE GRIGOLEIT CO.,

          Defendant.

_____/

Case No. 1:06-CV-195

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Plaintiff Whirlpool Corporation's Motion for Reconsideration. Also before Court is Plaintiff's Motion to Alter Judgment, for Relief from Judgment, and to Amend its Complaint.

Plaintiff has asked the Court to reconsider its July 13, 2006 decision to dismiss its Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To prevail on the instant Motion, Plaintiff must not only demonstrate that the Court's decision suffers from a palpable defect, but must also show that a different result is manifest. W.D. MICH. LCIVR 7.4(a). "[M]otions for reconsideration that merely present the same issues ruled upon by the Court shall not be granted." *Id.* In this regard, Plaintiff's Motion for Reconsideration offers no new dimensions to its previously considered arguments. Accordingly, the Court will deny Plaintiff's Motion for Reconsideration.[1]

When the Court dismissed Plaintiff's Complaint on July 13, 2006, the Court invited Plaintiff to move to amend its Complaint contemporaneous with a motion for postjudgment relief. Plaintiff

---

[1] Defendant The Grigoleit Company has moved for leave to respond to Plaintiff's Motion for Reconsideration. Plaintiff has also moved for leave to reply to Defendant's Response. Because the Court will deny Plaintiff's Motion for Reconsideration, it discerns no need for Defendant's response or Plaintiff's reply.

has now done so, moving under Federal Rules of Civil Procedure 59(e) and 60(b) to alter this Court's July 13, 2006 Judgment so that it may amend its Complaint pursuant to Rule 15 to cure the deficiencies present. The Court has reviewed Plaintiff's Motion, the equities present, and believes good cause exists to grant its request so that it may amend its Complaint.[2] FED. R. CIV. P. 59(e) & 60(b)(6). Plaintiff's proposed Amended Complaint has ostensibly cured its insufficiently stated claims and the Court believes it is otherwise entitled to leave to amend.[3] FED. R. CIV. P. 15(a). As such, the Court will grant in part and deny in part Plaintiff's motion for postjudgment relief so that it may amend its Complaint.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Whirlpool Corporation's Motion for Reconsideration (Dkt. No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant The Grigoleit Company's Motion for Leave to Respond to Plaintiff's Motion for Reconsideration (Dkt. No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Whirlpool Corporation's Motion to Reply to Defendant's Response (Dkt. No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter Judgment, for Relief from Judgment, and to Amend its Complaint (Dkt. No. 16) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** only to the extent that Plaintiff sought to alter this Court's Judgment so that it could amend its Complaint. The Motions are **DENIED** in all other respects.

---

[2] As for the remainder of Plaintiff's arguments that do not concern amending its Complaint, the Court rejects those contentions as duplicitous to its Motion for Reconsideration.

[3] Defendant's Motion for Leave to Respond to Plaintiff's Motion for Reconsideration also assails the sufficiency of Plaintiff's proposed Amended Complaint. These arguments are better suited to a dismissal motion—of which the Court will have the benefit of Plaintiff's response—and the Court will consider Defendant's contentions at that time should such a motion be made.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ACCEPT** Plaintiff's Amended Complaint (Dkt. No. 17, Attach. 1) for filing.

**IT IS FURTHER ORDERED** that the Court's July 13, 2006 Judgment (Dkt. No. 13) is **VACATED** and this action is reinstated.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 23, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |